# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JUSTIN BAKER                                                                                        PETITIONER

V.                           NO. 1:16CV00161-JM-JTR

CHRIS BROWN, Sheriff,
Cleburne County, Arkansas;
ARKANSAS ATTORNEY GENERAL                 RESPONDENTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Justin Baker ("Baker"). *Docs. 3 & 7.* Before addressing Baker's claims, the Court will review the procedural history of the case in state court.

On February 4, 2003, Baker appeared in White County Circuit Court and pleaded guilty to one count of sexual indecency with a child. He was sentenced to four months of imprisonment, followed by five years of supervised probation. *Doc. 12-2*. His Judgment and Disposition Order states: "Defendant is a Sex or Child Offender as defined in A.C. A. 12-12-903, and is ordered to complete the Sex Offender Registration Form." *Id. at 2*.

On December 9, 2003, the State filed a Petition for Revocation of Probation.[1] On May 27, 2004, Baker pleaded guilty to violating his probation; his probation was revoked and then reinstated; and he was ordered to continue reporting to his probation officer and to "not violate his probation in any manner." *Doc. 12-3*.

On November 22, 2004, the State filed a second Petition to Revoke Probation.[2] *Doc. 12-4*. On April 28, 2005, Baker appeared in the trial court and pleaded guilty to violating his probation. The trial court revoked his probation and sentenced him to thirty-six months in the Arkansas Department of Correction ("ADC") on the 2003 White County conviction for sexual indecency with a child.

---

[1]The Petition alleged that Baker: (1) failed to report for office visits; (2) was delinquent on his court-ordered payments; (3) failed to maintain employment and notify his probation officer of a change of address; (4) failed to attend sex offender counseling as directed; and (5) tested positive for THC. *See Doc. 12-4 at 3*.

[2]The Petition alleged that Baker: (1) failed to report to his probation officer and provide a valid address; (2) was delinquent on court-ordered payments; (3) failed to attend sex offender counseling as directed; (4) failed to maintain employment; and (5) failed to complete his court-ordered community service. *Doc. 12-4 at 1, 3*.

*Doc. 12-5*. The Judgment and Commitment Order requires him to register as a sex offender under the Arkansas statutes. *Id. at 2*.

On October 9, 2007, Baker was paroled from the ADC. *Docs. 12-6, 12-7*. On February 6, 2008, he was discharged from parole supervision. *Doc. 12-7*.

In December 2010, Baker was convicted of failure to register as a sex offender and was sentenced to eighteen months in the ADC. *Doc. 12-7 at 1; Doc. 12 at 3 n.1*. On June 20, 2011, he was released on parole; on April 17, 2012, he was discharged from supervision. *Doc. 12-7 at 1*.

On November 23, 2016, Baker filed this federal habeas action. *Doc. 3*. At the time of filing, he was incarcerated in the Cleburne County Jail on a new charge of failure to register as a sex offender that "stem[med] from" his 2003 White County conviction for sexual indecency with a child.[3] *Id. at 1*. He alleged: (1) he was being "illegally restrained of his liberty" on the failure-to-register charge from Cleburne County Circuit Court; (2) the White County Circuit Court lacked subject matter jurisdiction to convict him of sexual indecency because, at the time of the offense, Baker was a minor; and (3) the White County judgment is "invalid on its face" and violates due process. *Id. at 3-4*.

---

[3]Baker repeatedly gives "January 2002" as the date of the White County conviction. *Doc. 3 at 1, 3; Doc. 7 at 1*. Nothing in the record supports this date.

3

On December 12, 2016, Baker filed an Amended § 2254 Petition. *Doc. 7.* As the "judgment of conviction you are challenging," Baker listed the White County conviction for sexual indecency with a child, for which he received five years of probation in February 2003. *Doc. 7 at 1.* He alleged that he was "only 17 when the incident occurred" and he was "now facing a Class C felony for not registering when the charge that the requirement stems from was unlawful." *Id. at 5.* He asked to "be relieved of the obligation to register [as a sex offender] and [for] dismiss[al of] this new charge." *Id. at 13.*

On February 13, 2017, the Court received a letter from Baker. *Doc. 10.* In the letter, Baker stated that, on February 6, 2017, he had "accepted a plea bargain of 7 years probation because [he] in fact was guilty of failing to comply with registration requirements" in the Cleburne County failure-to-register case. *Id.* He asked if this would "affect the habeas petition on the underlying charge out of White County." *Id.*

On February 24, 2017, Respondent Arkansas Attorney General Leslie Rutledge filed a Response. *Doc. 12.* Construing Baker's habeas action as challenging *only* the White County sexual indecency conviction, Respondent argued that the action should be dismissed because: (1) he was not "in custody" for the White County conviction or sentence, nor was he at the time of initiating this action; and

(2) his claims challenging that conviction are untimely.[4] Although directed to file a Reply addressing Respondent's arguments, Baker elected not to do so. *Doc. 13*.

For the reasons that follow, the Court recommends that Baker's Petition and Amended Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

To satisfy the jurisdictional requirements of the federal habeas corpus statutes, a prisoner must establish that he is "in custody pursuant to the judgment of a State court" in violation of the United States Constitution, federal laws or treaties. 28 U.S.C. § 2254(a). A prisoner seeking habeas relief must be "in custody" under the challenged conviction or sentence at the time his application is filed. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989). A petitioner is not "in custody" under a conviction "when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original); *see also Lackawanna Cnty. Dist. Att'y v. Coss,* 532 U.S. 394, 401 (2001) (petitioner who "is no longer serving the sentences imposed" pursuant to prior convictions "cannot bring a federal habeas petition directed solely at those convictions").

---

[4] Respondent Chris Brown, Cleburne County Sheriff, was also served with a copy of the Petition, but did not file a responsive pleading. *Docs. 8 & 9.*

In this case, the Court construes Baker's habeas papers as challenging only his 2003 White County conviction for sexual indecency with a child. It is clear that the sentence for this conviction *fully expired* on February 6, 2008, when he was discharged from parole supervision. At the time of filing this habeas petition, he was incarcerated in the Cleburne County Jail on a separate charge of failing to register as a sex offender, *not* the 2003 White County conviction.

The fact that Baker is required to register as a sex offender, because of the White County conviction, is insufficient to meet the custody requirement for initiating a habeas action challenging that conviction. Although the Eighth Circuit Court of Appeals has not addressed the issue, other federal circuit courts have uniformly held that sex offender registration requirements are merely "collateral consequences" of a conviction which do not impose a "significant restraint" on an individual's liberty and thus do not satisfy the custody requirements of § 2254. *Johnson v. Davis,* 2017 WL 3700981, at *1 (5th Cir. Aug. 25, 2017); *Bonser v. District Att'y Monroe County,* 659 Fed. Appx. 126, 128 (3d Cir. 2016); *Calhoun v. Att'y General of Colorado,* 745 F.3d 1070, 1074 (10th Cir.), *cert. denied,* 135 S. Ct. 376 (2014); *Wilson v. Flaherty,* 689 F.3d 332, 337-38 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008); *Leslie v. Randle,* 296 F.3d 518, 522-23 (6th Cir. 2002); *Williamson v. Gregoire,* 151 F.3d 1180, 1183-84 (9th Cir. 1998); *see also Kasel v. Kansas*, 2017 WL 2618839, *2-4 (D. Kan. June 16, 2017)

(collecting and discussing cases); *Hansen v. Marr,* 594 F. Supp. 2d 1097, 1100-01 (D. Neb. 2009).

Where a state's sex offender registration statutes are remedial, rather than punitive, "the registration requirements resemble more closely those collateral consequences of a conviction that do not impose a severe restriction on an individual's freedom of movement" and thus do "not satisfy the 'in custody' requirement."[5] *Virsnieks,* 521 F.3d at 720. Further, the "future threat of incarceration" for failure to comply with the registration requirements is insufficient to create an "in custody" situation. *Bonser,* 659 Fed. Appx. at 128; *Calhoun,* 745 F.3d at 1074; *Virsnieks,* 521 F.3d at 719-20; *Williamson,* 151 F.3d at 1184.

This conclusion is not changed where, as here, the threat of future incarceration for non-compliance has materialized into actual physical incarceration. As the Third Circuit explained in *Bonser*:

> Being subject to registration requirements is itself a collateral consequence, and so too are any penalties – including conviction and incarceration – that result from the violation of such requirements. Bonser's present incarceration is punishment for failing to comply with a collateral consequence of his 2006 conviction. His current custodial status "is not a continuation of the expired sex offense sentence …, but rather is pursuant to an entirely separate conviction" for failing to register. In other words, because Bonser's 2006 conviction had "fully expired … when the 2013 sentence was imposed, it is pursuant to that conviction, not the 2006 conviction, that he is incarcerated and is

---

[5]The Arkansas Supreme Court has held that Arkansas's sex offender registration statute is "essentially regulatory and therefore non-punitive in nature." *Kellar v. Fayetteville Police Dept.,* 339 Ark. 274, 287, 5 S.W.3d 402, 410 (1999).

therefore 'in custody.'" Bonser thus does not satisfy the "in custody" requirement and cannot obtain review of his prior conviction.

Moreover, concluding that a conviction for violating registration requirements it not a collateral consequence "would read the 'in custody' requirement out of the statute" and reward law-breakers, because sex offenders who fail to register would have an additional opportunity to challenge their underlying convictions – no matter how old – while individuals who abide by registration requirements would forgo such an opportunity. Furthermore, allowing a petitioner in custody for a later conviction to challenge an earlier, expired conviction would countenance "end runs around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly."

In short, the registration requirement and resulting incarceration for noncompliance are collateral consequences of Bonser's expired 2006 conviction and they do not render him in "custody" on that conviction.

*Bonser,* 659 Fed. Appx. at 128-30 (citations and internal alterations omitted).[6]

In his habeas papers, Baker clearly challenges the validity of his underlying, expired White County conviction for sexual indecency with a child. Under the governing law, he cannot bring a habeas action directed at that conviction because he is no longer serving the sentence for it. His ongoing duty, under Arkansas law, to register as a sex offender resulting from the White County conviction is a collateral

---

[6]Only the Ninth Circuit "has accepted the view that a petitioner is 'in custody' 'for the purpose of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction is a necessary predicate to the failure to register charge.'" *Bonser,* 659 Fed. Appx. at 129 n.4 (quoting *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir. 2001)). No courts outside the Ninth Circuit have followed *Zichko* and several district courts have explicitly rejected it. *Id.*; *see, e.g., Kasel,* 2017 WL 2618839, at *3-4 (rejecting *Zichko,* and "finding the *Bonser* case persuasive").

8

consequence of the conviction and does not render him "in custody" for purposes of challenging the conviction through a federal habeas action. His conviction and incarceration for violating the duty to register is also a collateral consequence of the original White County conviction. Thus, this Court does not have jurisdiction to reach the merits of Baker's habeas claims because he is not "in custody" under the conviction or sentence he attacks.[7]

Accordingly, the Court recommends that this case be dismissed for lack of jurisdiction.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Baker's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus and Amended Petition, *Docs. 3 & 7,* be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c); § 2254 Rule 11(a).

DATED this 13th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[7] Because the Court has construed this habeas action as challenging only Baker's 2003 White County Circuit Court conviction for sexual indecency, this dismissal does not affect his right to bring a habeas action challenging his subsequent, separate conviction for failure to register as a sex offender.